61 N.J. Super. 28 (1960)
160 A.2d 143
HENRY SUESSERMAN, ET AL., PLAINTIFFS-RESPONDENTS,
v.
THE BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, ET AL., DEFENDANTS, AND SIDNEY STEINER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 15, 1960.
Decided April 12, 1960.
*29 Before Judges PRICE, SULLIVAN and FOLEY.
Mr. John J. Dios argued the cause for defendant-appellant (Messrs. Grasso, Agresti & Dios, attorneys).
Mr. George R. Handler argued the cause for plaintiffs-respondents.
The opinion of the court was delivered by FOLEY, J.A.D.
This appeal is taken from a judgment of the Law Division reversing the award of a zoning variance granted pursuant to N.J.S.A. 40:55-39(d).
On April 28, 1959 the Board of Adjustment of the City of Newark recommended to the municipal council that the defendant, Sidney Steiner, be granted permission to construct and operate a private automobile parking lot on a *30 now vacant lot located at 877-879 South 13th Street for the use of his customers and employees. Steiner operates a catering business located on a contiguous property, 709-715 Clinton Avenue. The business property occupies the northwest corner of Clinton Avenue and South 13th Street. Originally the business property was within a zoning district (second business district) which permitted this use. Since 1954, however, when that district was rezoned (third residential district), the use has been a nonconforming one.
The proposed parking lot, to be located at the rear of the catering establishment, has a 53-foot frontage on South 13th Street and a depth of 99 feet with its southern sideline extending along the catering service lot. The lot is situated within a first residential district which extends eastward five blocks; is bordered on the south (beginning at Clinton Avenue) by a third residential district, and on the west (beginning at South 14th Street) by a second residential district.
Section 36.3 of the zoning ordinance prescribes the use regulations for first residential districts. Briefly, it limits the use of property located therein to one-family dwellings, city and county parks and playgrounds, public and private schools, churches, publicly owned museums and libraries and accessory buildings including private garages. It also permits physicians and dentists to use their residences for office purposes. Off-street parking is specifically barred except as a facility for one-family dwellings. The pertinent parts of N.J.S.A. 40:55-39 by virtue of which the variance was awarded are as follows:
"The board of adjustment shall have the power to:

* * * * * * * *
(d) Recommend in particular cases and for special reasons to the governing body of the municipality the granting of a variance to allow a structure or use in a district restricted against such structure or use. Whereupon the governing body or board of public works may, by resolution, approve or disapprove such recommendation. If such recommendation shall be approved by the governing body or board of public works then the administrative officer *31 in charge of granting permits shall forthwith issue a permit for such structure or use.
No relief may be granted or action taken under the terms of this section unless such relief can be granted without substantial detriment to the public good and will not substantially impair the intent and purpose of the zone plan and zoning ordinance." (Emphasis added.)
The basis for the board's recommendation was that:
"(1) these premises are adjacent to a catering establishment located at 709-715 Clinton Avenue; (2) the area has no provision for off-street parking facilities; (3) the plans as submitted show fences, ornamental gates and shrubbery and would not detract from the esthetic appearance of the neighborhood; (4) the premises in question create conditions peculiar to this lot and if residential restrictions were enforced it would create a burden upon the property owner; (5) the proposed use would not depreciate property values nor be detrimental to the public health, welfare and safety nor would it adversely affect the intent and purpose of the Zoning Ordinance and the Master Plan."
The issue presented to the trial court was whether in light of the evidence the action of the board in awarding the variance represented a proper exercise of the authority granted to it by the cited statute. Specifically, the focal question was whether in the "particular case" a "special reason" for the variance had been proved. The trial court properly noted that where a variance is granted by municipal officials pursuant to statutory authority it is entitled to the customary judicial presumption of validity and that the court may not intervene to set such award aside except upon a showing that the action of the municipal officials was arbitrary, capricious or in manifest abuse of their discretionary authority. Grundlehner v. Dangler, 29 N.J. 256 (1959). The court made the equally pertinent observation that the applicant has the burden of setting before the local agency the evidence necessary for it to exercise a seasoned discretion. Tomko v. Vissers, 21 N.J. 226, 238 (1956). Guided by these principles the trial judge made the following findings as to the action of the board:
*32 "Finding number 1 states:
`These premises are adjacent to a catering establishment located at 709-715 Clinton Avenue.'
This finding merely describes the location of the property in question and is not a `special reason' for the grant of a variance.
Finding number 2 states:
`the area has no provision for off street parking facilities.'
This finding standing alone is not a `special reason' for the grant of a variance. Tomko v. Vissers, 21 N.J. 226, 240 (S.C. 1956); Whitehead v. Kearney, 51 N.J. Super. 560, 568 (App. Div. 1958).
Finding number 3 states:
`Plans as submitted show fences, ornamental gates and shrubbery and would not detract from the esthetic appearance of the neighborhood.'
This finding is not a `special reason' for the grant of the variance. It constitutes nothing more than a sugar coating of an intrusion by a prohibited commercial use in a residential area.
Finding number 4 states:
`the premises in question create conditions peculiar to this lot and if residential restrictions were enforced it would create a burden upon the property owner.'
The evidence before the Board of Adjustment showed that Sidney Steiner bought the property in question with knowledge that it was in a First Residence District; that shortly before he applied for the variance he demolished the one-family dwelling which was located thereon. It is quite obvious that he did so in order to strengthen his position before the Board of Adjustment.
However there was no evidence that this parcel of land was of unusual size or shape or that it differed from other parcels located in the First Residential District. There was no proof that this tract could not be used for residential purposes. There was no proof that this tract was `uniquely circumstanced' and that by refusing the request for variance it would compel conformance to an unsuitable permissible use. The fact that it would be more beneficial financially to the owner to utilize the land as a parking lot is not a `special reason' contemplated by the statute. Moriarty v. Pozner, 21 N.J. 199, 205 (S.C. 1956).
The finding of the Board was not borne out by the evidence presented to it.
Finding number 5 states:
`the proposed use would not depreciate property values.'
This finding is not borne out by the evidence presented to the Board of Adjustment.
There was testimony by objectors that their property would depreciate in value. There was evidence that the parking lot *33 would be in operation in conjunction with the catering establishment until the early hours of the morning with resulting noise from such use.
It must also be observed that the conversion of any parcel of land in a residential area to a commercial use presumably impairs the residential character of the area as a whole. Rain or Shine Box Lunch Co. v. Newark Board of Adjustment, 53 N.J. Super. 252 (App. Div. 1958).
And, as the court stated in the above cited case, at page 259:
`The potential harm is not to be gauged by comparing the size of the parcel in question with the entirety of the residential area, since the process of deterioration of a residential district may be incepted by isolated discordances in use.'
See also Cummins v. Board of Adjustment of Leonia, 39 N.J. Super. 452, 460-461 (App. Div. 1956).
The resolution of the Board of Adjustment further stated that the proposed use would not be detrimental to the public health, welfare and safety, nor would it adversely affect the intent and purpose of the Zoning Ordinance and the Master Plan.
The evidence shows that the granting of this variance creates a tract for commercial use in a district zoned for First Residential purpose. Accordingly there would seem to be no justification for the finding that `it would not adversely affect the intent and purpose of the Zoning Ordinance and the Master Plan.'
The resolution of the Board of Adjustment concludes by a finding, as required by the statute:
`And that relief could be granted without substantial detriment to the public good and that the use would not substantially impair the intent and purpose of the Zone Plan and the Zoning Ordinance.'
The testimony before the board does not support this finding."
We are in accord with these views. We find it necessary to discuss only the conclusion of the trial judge that the proofs before the board were insufficient to permit of a finding that the proposed off-street parking constituted a special reason for variance within the purview of N.J.S.A. 40:55-39(d). None of the remaining findings of the board could in present circumstances qualify as such a special reason.
The defendant Steiner relies on Mistretta v. City of Newark, 33 N.J. Super. 205 (Law Div. 1954), and also cites Rain or Shine Box Lunch Co. v. Newark Bd. of Adjustment, 53 N.J. Super. 252 (App. Div. 1958), for the proposition that the provision for off-street parking is a sufficient *34 basis for the granting of a variance. Respondent on the other hand, citing Tomko v. Vissers, supra, and Whitehead v. Kearny Zoning Bd. of Adjustment, 51 N.J. Super. 560 (App. Div. 1958), contends that it is not. In none of the cases except Mistretta was this issue squarely before the court. In Whitehead the application for variance was sought for a club building involving only incidentally the question of off-street parking. Rain or Shine turned upon an issue collateral to the factor of off-street parking, the court reversing a board of adjustment determination because of the erroneous assumption by that body that undue hardship was a necessary prerequisite to the grant of all variances. And the Tomko decision, aside from its factual dissimilarity to the case sub judice, is not controlling because there the court announced that defects in the procedure followed below necessitated a reversal without regard to the merits. The Mistretta case, although in many ways factually similar to the present one, differs however in the material respect that in that case there was an extensive finding as to the benefit the proposed off-street parking facilities would confer upon the surrounding area which clearly preponderated in favor of the action taken by the board, 33 N.J. Super., at pages 215, 218.
Whether off-street parking presents a "special reason" for a variance is not the subject of pragmatic determination. That it may not in one case furnish this reason for variance is not to say that it cannot suffice for such purpose in any case. Determination may not be thus capsulated, for as was said in Grimley v. Ridgewood Village, 45 N.J. Super. 574 (App. Div. 1957), the propriety of the grant of a variance depends upon the facts in each case. See also Schoelpple v. Woodbridge Twp., 60 N.J. Super. 146 (App. Div. 1960). While it is settled that a showing of undue hardship is not necessary to sustain a variance under N.J.S.A. 40:55-39(d), Andrews v. Ocean Twp. Bd. of Adjustment, 30 N.J. 245, 250-251 (1959), and that a sufficient basis therefor is to be found within the *35 confines of R.S. 40:55-32, Cunningham, "Control of Land Use in New Jersey," 14 Rutg. L. Rev. 37, 86-87 (1959), nevertheless it is not enough that the proposed variance will merely serve the individual interests of the applicant. Moriarty v. Pozner, 21 N.J. 199, 208 (1956); Mocco v. Job, 56 N.J. Super. 468, 476 (App. Div. 1959); Whitehead v. Kearny Zoning Bd. of Adjustment, supra, 51 N.J. Super., at page 570; Schoelpple v. Woodbridge Twp., supra, 60 N.J. Super., at page 155.
We agree with the trial court that the proofs before the board of adjustment did not justify a finding that the general public would benefit by the variance. The only suggested benefit is that the off-street parking would tend to lessen traffic and vehicular congestion and thus would promote the public safety. However, there was no persuasive proof that this result would be realized or that off-street parking facilities, if needed, would best serve the public interest by being placed on defendant's lot. Mocco v. Job, supra, 56 N.J. Super., at page 478; Cunningham, supra, 14 Rutg. L. Rev., at pp. 581-84. See Grundlehner v. Dangler, supra, 29 N.J., at page 267; Antieau, Municipal Corporations, § 7.09, p. 454 (1955). Cf. R.S. 40:55-32. We are of the firm belief that the removal of between 15 and 25 vehicles from the highway to private property in a congested area would have little or no effect on the diminution of parking problems in the area, particularly since, as was conceded by counsel on oral argument, the removal of these vehicles from the curb would likely result in their being replaced by the vehicles of others who sought to park in the neighborhood.
Affirm.