D. Ormonde Ritchie, J.
In this proceeding brought pursuant to article 78 of the Civil Practice Act petitioners seek an order annulling the determination of the respondent Board of Appeals denying petitioners’ application for a certificate of occupancy of a carriage house with independent dwelling quarters situated on a parcel of property upon which the carriage house and a main dwelling are erected and of which the area in square feet of realty does not meet with the minimum area requirement of the zoning ordinances of the respondent municipality. The respondents, in a motion addressed to the petitioners, attack the petition and seek an order of its dismissal upon matters of law. *859 There is no dispute as to the material facts attendant upon the controversy herein presented for determination.
The petitioners are owners of a parcel of realty, the title to which was acquired in 1951. At that time, and for more than 50 years prior thereto, the two buildings heretofore occupied were maintained upon the parcel. In 1925, 1916 and in 1955 zoning ordinances were enacted by respondent municipality affecting the use of property in the zone in which petitioners’ property was located. The ordinance presently prescribes a minimum area requirement of 40,000 square feet for a one-family dwelling. Under the ordinance as originally enacted, accessory uses were permitted. For many years the carriage house, a permitted use, was occupied by those in the employ of residents of the main house and at times it was occupied by relatives of those in residence in the main house. The present owners of the premises, the petitioners in this proceeding urge annulment of the decision of the Board of Appeals which denied their application for a use permitting a rental of the “ retainer” or ‘' guest ’ ’ cottage upon the ground that the minimum area realty requirement prescribed by the zoning ordinance was lacking.
It is undisputed that prior to enactment of any ordinance affecting the use of property within the boundaries of respondent municipality that the physical, then and now, characteristics of the petitioners’ property obtained. At its development, and presently, the same structures were and are erected upon the realty. That one was used as a principal residence and one as an accessory residence is acknowledged. Further undisputed proof established that the buildings, over the years, were occupied independently either as servant’s quarters or guest accommodations. The issue thus presented is not whether the minor dwelling may be occupied, but whether it may be occupied by tenants from whom a rental may be exacted.
The interpretation of the ordinance, urged by respondents, is that the owner may permit occupancy of the carriage house by anyone, so long as no rent is paid therefor.
Yokley on Zoning Law and Practice (2d ed., Vol. 1, pp. 10L-105) recognizes the problem arising from circumstances Kimilflr to those existing herein in the statement ‘ ‘ Many cities are still having trouble in regulating garages as accessory buildings that contain living quarters in such garages. In a New Jersey case the plaintiff brought proceedings in lieu of certiorari against a board of adjustment to review a determination that the plaintiffs were violating zoning ordinances barring use of an accessory building for residence purposes by all except *860 domestic servants of the tenant or owner. The Supreme Court of New Jersey, affirming the judgment of the lower court, held that the ordinance was valid. The court, in discussing the merits of the case, held that where the zoning ordinance barred an accessory building on a residential lot and the use thereof except for living quarters of domestic servants, the owner of the lot could not avoid the effect of the ordinance by selling a portion of the lot on which was located a two-story garage with living quarters on the second floor, and hence occupancy of the second floor living quarters of this garage by one not a domestic servant constituted a violation of the ordinance. ’ ’
It is apparent that the ordinances involved in 'the cases cited expressly prohibited the use of the living quarters in the accessory buildings by other than the domestic servants of the tenant or owners. The ordinance of the Village of East Hampton contains no such express prohibition. The restriction herein relied upon to sustain the determination of the respondent board is found in subdivision 9 of section 5 of the Building Zone Ordinance, “ The term ' accessory use ’ shall not include any activity conducted for gain ”. The restriction is not sufficiently comprehensive to permit of the interpretation placed thereon by respondent board.
Zoning ordinances are enacted to promote the health, safety and welfare of the community at large. Included, of course, is the protection of property values against depreciation and preservation of the character of the community. But a proper balance must be maintained between those aims and the rights of the individual owner who cannot be deprived of all beneficial use of his property (Shepard v. Village of Skaneateles, 300 N. Y. 115; Matter of Eaton v. Sweeny, 257 N. Y. 176). Further, the ordinance itself must clearly apprise an owner or purchaser of the restrictions to which his property is subject.
Under the facts presented herein and the applicable restrictions of the ordinance, the living quarters may be occupied by servants, relatives or indeed even others so long as no rental is charged for those quarters. Nor is any bar to be found therein prohibiting the owners from residing therein and renting the main house. Under such circumstances no change would result numerically in point of family occupancy of the structures nor would any change result in the character of the neighborhood. The only effect of barring a rental of the carriage house is a deprivation of a beneficial use thereof by the owner who is faced with free occupancy, permitting it to remain vacant or demolition to avoid payment of taxes upon a useless structure. In a similar situation, Mr. Justice Howard T. Hogan disagreed *861 with the determination of a board of appeals in denying a variance (Matter of Gruen v. Simpson, 153 N. Y. S. 2d 287). This court agrees with the views therein expressed. The motion to dismiss the petition must be and is denied. The petitioners sought an area variance. It was denied. A proceeding under article 78 was properly instituted and the petition is found to be sufficient.
Petitioners’ application is granted.