■ In the Matter of MABEL CLUNE et al., Respondents, against DELOS WALKER et al., Constituting the Zoning Board of Appeals of the Incorporated Village of East Hampton, Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Zoning Board of Appeals of the Incorporated Village of East Hampton which denied an application for a variance, the board appeals from an order (1) annulling the determination, (2) directing the issuance of a variance to permit the use of two buildings on respondents' property as dwellings by independent families, and (3) directing the issuance of certificates of occupancy for the buildings. Order unanimously affirmed, with costs. (*Matter of Gruen* v. *Simpson*, 3 A D 2d 841.) Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ. [10 Misc 2d 858.]

■ In the Matter of FEDERAL REALTY RESEARCH CORPORATION, Respondent, against ZONING BOARD OF APPEALS OF THE VILLAGE OF HEMPSTEAD et al., Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Zoning Board of Appeals of the Village of Hempstead denying an application for a variance, the appeal is from an order annulling the determination and directing appellants forthwith to issue a variance permitting respondent to erect and maintain a two-story one-family dwelling with a setback of less than the prescribed number of feet on one side of a corner plot. Order modified by adding at the end of the second ordering paragraph the words "subject to appropriate conditions and safeguards, as provided in section 1901 of the Zoning Ordinance of the Village of Hempstead". As so modified, order unanimously affirmed, without costs. Under the circumstances here present, the learned Special Term properly directed the issuance of the variance in order to avoid the result of otherwise limiting respondent to the erection of a building not more than 10 feet wide (*Matter of Richards* v. *Zoning Bd. of Appeals of Vil. of Malverne*, 285 App. Div. 287). Appellants, however, should have been permitted the right, accorded by the zoning ordinance, to fulfill their duty of prescribing reasonable and necessary administrative conditions to accompany the granting of the relief directed (cf. *Matter of Syosset Holding Corp.* v. *Schlimm*, 15 Misc 2d 10). Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ.