Thomas P. Farley, J.
This is a proceeding under article 78 of the Civil Practice Act (in the nature of mandamus) whereby the petitioner, a Water and Light Commissioner of the Village *325 of Freeport seeks to review a determination of the Village Board which had the effect of declaring the Board of Commissioners of which petitioner was a member to have been illegally constituted. Petitioner seeks an order declaring: (1) the Board of Commissioners to have been legally constituted on April 4, 1955; (2) restraining the respondents from giving effect to their action taken on September 18, 1961, whereby another “ Board of Water and Light Commission ” was attempted to be established; and (3) declaring the petitioner a member of the Board of Water and Light Commissioners and entitled to be paid as such.
Respondents, answering and moving to dismiss the petition, do not raise any question of fact or challenge the right of this court to entertain the proceeding, which is within the court’s jurisdiction under the principle stated in Felice v. Swesey (278 App. Div. 958, 959) viz.: “ The petition is prima facie sufficient. There is no disputed question of material fact; only an issue of law, hence the court must retain jurisdiction and may not remit the parties to relief by quo warranto.”
The facts are simple and undisputed. Section 63 of the Village Law in 1955 provided and still provides in part as follows: “ § 63. Separate boards of commissioners. A village which has no separate board of * * * water [and] light * * * commissioners, may establish such a board, or may establish a municipal board, with the powers, duties and responsibilities of two or more of such separate boards. Such boards shall be established by resolution of the board of trustees duly adopted at a regular meeting thereof, by a majority vote of the entire board, and the board of trustees may, by like action, abolish such separate boards or any of them. No separate board shall be abolished without a public hearing, notice of which shall have been given at least ten days prior to such hearing in the official newspaper of the village. Any board shall be composed of three members, except that a board of water commissioners in a village of the first class and a municipal board in any village may be composed of five members. The board of trustees at any regular meeting, after the adoption of a resolution establishing any such board, shall appoint such commissioners for terms which shall be so fixed that one shall expire each official year beginning with the then current official year; and at each annual meeting thereafter, the board of trustees shall appoint one commissioner for the full term, which for boards of water commissioners in villages of the first class and municipal boards in any village composed of five members shall be five years and for all other boards shall be three years. * * * Any boards created under this *326 section or created under any former law shall perform their duties subject to the approval of the board of trustees and any board heretofore created may be abolished by the board of trustees as herein provided.” (Emphasis added.)
On April 4, 1955, the Board of Trustees of the Village of Freeport took the following action as appears from the minutes of the annual organizational meeting held on that date: ‘ ‘ Moved by Trustee Lang, seconded by Trustee Viebrock and carried that Robert L. Doxsee as Chairman, Messrs. Allan Kelloek, Willard Evans, Loren Hebl and Martin H. Weyrauch, be appointed as Members of the Municipal Commission of Water and Light and that their terms be set at five years, four years, three years, two years and one year, respectively.”
Thereafter, the men appointed and their successors in office performed the duties of Water and Light Commissioners. As terms of office expired, vacancies were filled, one of the appointees to such a vacancy being the petitioner. The Commissioners, including the petitioner, continued to function as a body until September 18,1961. At that time, the Board of Trustees, without public hearing and public notice, by resolution declared the action of the Board of Trustees in 1955 irregular and ineffective to create a Board of Water and Light Commissioners and the petitioner and his fellow commissioners cle facto officers only. By the same resolution, a ‘ ‘ Municipal Board of Water and Light Commission” was established and thereupon five men were appointed to it of whom petitioner was not one. This proceeding followed.
The respondent board claims justification for its action on the theory that the action of the Village Board on April 4, 1955 was not the creation of a Board of Commissioners “ by resolution ” as is provided by section 63 of the Village Law; that if the action was in fact a resolution it failed to accomplish the creation of a Board of Commissioners; that the board thus attempted to be created could properly be abolished without the hearing required by section 63 of the Village Law, and the Commissioners removed without the notice required by section 60 of the Village Law.
Section 92 of the Village Law defines the word ‘ ‘ ordinance ’ ’; nowhere does the law define “ resolution ”. Whether the action of the Village Board taken April 4, 1955, effectually created a Board of Water and Light Commissioners must be determined upon principles for which there is little authority in the New York cases.
The petitioner relies on an opinion of the State Comptroller (12 Op. St. Comp. 352, 1956, No. 8294), considering the result *327 of action of a Village Board appointing a Police Justice without a formal resolution creating the office. The Comptroller concluded that the appointment of a Police Justice, the fixing of a salary and subsequent action of the board recognizing the existence of the office, all indicated an intent to create the office and that the office legally existed.
This standard is accepted quite generally throughout the United States (3 McQuillin, Municipal Corporations [3d ed.], § 12.37; Words and Phrases [Perm, ed.], “ Resolution ”). The language of the court in Steward v. Rust (221 Ark. 286, 287) is typical of the meaning usually accorded the word “ resolution ”: “ In our opinion a resolution, particularly when used to express a ministerial act by a deliberative body, need not partake of any definite form and need not be a written instrument.” (See, also, Balacek v. Board of Trustees, 26 N. Y. S. 2d 419, 425.)
Respondents are critical of the language of the action of the board in 1955, suggesting that the words ‘ ‘ Municipal Commission of Water and Light ” does not import an intent to create a Board of Water and Light Commissioners, which would seem to be the correct title, though not that used by the respondents in their resolution of September 18, 1961. The court believes that the facts admitted by the pleadings before it necessitate the conclusion that the action of the Board of Trustees shown to have been taken on April 4,1955, followed by the uninterrupted performance of the duties of Water and Light Commissioners by the men then appointed and their duly appointed successors, created a legally constituted Board of Water and Light Commissioners pursuant to section 63 of the Village Law. It necessarily follows that the action of the Board of Trustees on September 18,1961, declaring the body created in 1955 a de facto commission only, and purporting to create a new commission and to appoint the members thereof was contrary to the provisions of the Village Law and was accordingly illegal and void. Respondents ’ motion to dismiss the petition is, therefore, denied and the prayer of the petition is in all respects granted.