■ JULIUS M. GERZOF, Appellant, v. ROBERT J. SWEENEY, as Mayor of the Incorporated Village of Freeport, et al., Respondents.— In an action by a taxpayer pursuant to section 51 of the General Municipal Law, to annul: (1) a resolution of the respondent Board of Trustees of the Incorporated Village of Freeport, made December 3, 1962, accepting the bid of the defendant Nordberg Manufacturing Co. for a generator unit, and (2) the contract of December 19, 1962 awarded pursuant thereto, and for related relief, the plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered August 9, 1963, upon the court's decision and opinion after a nonjury trial, dismissing the complaint. Judgment affirmed, without costs. No opinion. (For prior related appeal, see Matter of Amatulli v. Sweeney, 17 A D 2d 631, affg. 33 Misc 2d 324.) Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.

■ In the Matter of FREDERICK HOFFMAN et al., Appellants, v. HENRY U. HARRIS, JR. et al., Constituting the Board of Zoning Appeals of the Incorporated Village of Brookville, Respondents.— In a proceeding under article 78 of the former Civil Practice Act, to review a determination of the Board of Zoning Appeals of the Incorporated Village of Brookville, rendered March 18, 1963, which: (a) sustained the Building Inspector's ruling that the separate residential occupancy of the gatehouse and the guesthouse on petitioners' property was not a valid nonconforming use; and (b) denied petitioners' application for a variance so as to permit such continued occupancy, the petitioners appeal from an order of the Supreme Court, Nassau County, dated July 8, 1963, dismissing the petition and denying the application. Order modified on the law and the facts to the extent of annulling the Zoning Board's determination insofar as it denied petitioners a variance with respect to the gatehouse; and matter remitted to the Zoning Board for the purpose of granting petitioners' application for a variance to permit the gatehouse to be used as a residence. As so modified, order affirmed, without costs. Findings of fact inconsistent herewith are reversed and new findings made as indicated herein. There was no nonconforming use for either the gatehouse or the converted guesthouse; and, insofar as the guesthouse was concerned, there was a self-imposed difficulty or hardship. Moreover, the residential use of such guesthouse came into being subsequent to the adoption of the local Zoning Ordinance. However, under the circumstances here, and in view of the good-faith use of the gatehouse as a residence for many years antedating the Zoning Ordinance, and following the rationale of the recent similar cases (Matter of Clune v. Walker, 10 Misc 2d 858, affd. 7 A D 2d 651, mot. for lv. to app. den. 7 A D 2d 852; Matter of Gruen v. Simpson, 153 N. Y. S. 2d 287, affd. 3 A D 2d 841), a variance to permit residential use should have been granted as to the gatehouse. Petitioners established a proper case for such a limited variance. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.