(89 App. Div. 503.)

## PEOPLE ex rel. DILZER v. CALDER, Superintendent of Bureau of Buildings.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. BUILDING LAWS—DISTANCE FROM STREET—COMPENSATION.

> Laws 1903, p. 542, c. 252, providing merely that no buildings shall be placed within 30 feet of the side lines of a certain parkway, is unconstitutional as taking an easement without provision for compensation.

Appeal from Special Term, Kings County.

Mandamus, on the relation of Frank Dilzer, against William N. Calder, superintendent of the bureau of buildings, borough of Brooklyn, city of New York. From an order granting a peremptory writ, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

James McKeen (John E. Walker, on the brief), for appellant.

Henry M. Goldfogle, for respondent.

HOOKER, J. This is an appeal from an order granting the relator's application for a peremptory writ of mandamus to compel the defendant to withdraw his revocation and reaffirm a building permit theretofore issued, and to compel him to issue a permit for the erection of other buildings, plans for which had been filed. In July, 1903, the relator filed plans in the bureau of buildings in the borough of Brooklyn, whose superintendent the defendant is, for the erection of a two-story structure situate on the southerly side of Eastern Parkway Extension, 136 feet easterly from Sterling place. After the approval of these plans a permit was issued for the erection of the building, and later this permit was revoked, when it was learned that the front line of the proposed building was distant only 6 feet back from the building line, instead of 30 feet, as required by chapter 583, p. 949, of the Laws of 1888, as amended by chapter 702, p. 948, of the Laws of 1897, chapter 583, p. 1317, of the Laws of 1900, chapter 30, p. 37, of the Laws of 1901, and chapter 252, p. 542, of the Laws of 1903. Thereafter the relator filed other plans for the erection of a two-story building, 40 feet easterly from those whose plans had been approved, and a permit for the erection of them was refused for the reason which prompted the revocation of the former permit. The relator's application for a peremptory writ of mandamus resulted in the order appealed from.

So far as material to this issue, chapter 252, p. 542, of the Laws of 1903, reads as follows:

> "No buildings, or other erections, except porches, piazzas, fences, fountains and statuary, shall remain, or at any time be placed upon any of the lots fronting upon Eastern Parkway, from Washington avenue easterly to the extension of Eastern Parkway, or upon the extension of said Eastern Parkway to Ridgewood Park, within thirty feet from the line or sides of the said several streets respectively."

The relator seeks to support the order upon the ground that the city of New York, pursuant to the statute cited, has undertaken to

and actually has taken his property for public use without compensation. The statute has had the effect of depriving the relator of a full, beneficial use of 30 feet of his property nearest Eastern Parkway Extension. The city has undertaken to control an easement therein. The appellant does not deny the rule of law, which seems well established, that an easement is a constitutional right of property which cannot be taken from its owner without just compensation. Matter of City of New York, 168 N. Y. 134, 61 N. E. 158, 56 L. R. A. 500; Lahr v. Met. R. R., 104 N. Y. 269, 291, 10 N. E. 528; Smith v. City of Rochester, 92 N. Y. 463, 484, 44 Am. Rep. 393; Kane v. N. Y. E. R. R., 125 N. Y. 164, 184, 26 N. E. 278, 11 L. R. A. 640. The affidavits, read upon the motion which resulted in the order appealed from, show that the relator has received no compensation for this taking by the city, and that fact seems to be conceded by the appellant, who cites a single authority in support of his contention that the order should be reversed. He urges that the act of 1897 is not unconstitutional, and at most only inoperative. He cites the language of Judge Cullen in Fries v. New York & Harlem R. R. Co., 169 N. Y. 270, 288, 62 N. E. 358, as follows:

"The statute is not unconstitutional, and no decision to that effect is necessary to secure the plaintiff's right. If an act were passed by the Legislature authorizing a corporation to construct a bridge across the Hudson river above Waterford, it would be unconstitutional, because the Constitution prohibits the enactment of a special law for such purpose. If, however, the act authorized the construction of a bridge at the Highlands (the Constitution permitting special acts for bridges over the Hudson river below Waterford), it would not be rendered unconstitutional by the fact that the company did not own a rood of ground in either of the counties which border on the river at that point. The statute would simply be inoperative until the company acquired the necessary land."

It is difficult to comprehend how this language, even had it been the opinion of the court, can affect the question of law raised upon this appeal, which is whether the order granting the peremptory writ of mandamus was right. Long before the provision guarantying the security of private property was incorporated into the Constitution of this state, it had been held that the Legislature had no power to take private property, even for useful or necessary public purposes, without providing a fair compensation to the owner. Gardner v. Trustees of the Village of Newburgh, 2 Johns. Ch. 162, 7 Am. Dec. 526. The doctrine announced in that case has been cited with approval repeatedly since its decision, and is now a part of the settled body of the law. Varick v. Smith, 5 Paige, 137, 143, 150, 28 Am. Dec. 417; Sage v. City of Brooklyn, 89 N. Y. 190, 195; Cogswell v. N. Y., N. H. & H. R. R. Co., 103 N. Y. 10, 21, 8 N. E. 537, 57 Am. Rep. 701. It was further announced in the Gardner Case that power conferred by the Legislature to take private property for public purposes may not be legally exercised until a just indemnity is afforded to the owner. This expression later developed into a more tangible doctrine, and in People v. Hayden, 6 Hill, 359, it was declared:

"Although it may not be necessary, within the constitutional provision, that the amount of compensation should be actually ascertained and paid

before property is thus taken, it is, I apprehend, the settled doctrine, even as it respects the state itself, that at least certain and ample provision must be first made by law (except in cases of public emergency), so that the owner can coerce payment through the judicial tribunals, or otherwise, without any unreasonable or unnecessary delay. Otherwise the law making the appropriation is no better than blank paper. Bloodgood v. The Mohawk & Hudson Railroad Co., 18 Wend. 9 [31 Am. Dec. 313]."

The opinion of a majority of the judges, expressed by Chief Judge Andrews, in the Sage Case (supra), has this to say upon the proposition decided by the two leading cases to which I have referred:

"It is so axiomatic that it is laid up as one of the principles of government that provision for compensation is an indispensable attendant upon the due and constitutional exercise of the power of depriving an individual of his property under the right of eminent domain. Gardner v. Village of Newburgh, 2 Johns. Ch. 168. The courts, in construing the constitutional guaranty, have departed from what may seem its plain and natural meaning, and have held that the payment for property taken in invitum for public use need not be concurrent with the taking, but that it is sufficient if the law authorizing the taking also provides a sure, sufficient, and convenient remedy by which the owner can subsequently coerce payment by legal proceedings. If such provision is not made, then, as was said by Nelson, C. J., 'the law making the appropriation is no better than blank paper.' People ex rel. Utley v. Hayden, 6 Hill, 359. It is, I think, a plain proposition, that a law authorizing the taking of a man's land, and remitting him for his sole remedy for compensation to a fund to be obtained by taxation of certain specified lands in a limited district according to benefits, is not a sure and adequate provision, dependent upon no 'hazard, casualty, or contingency whatever,' such as law and justice require to meet the constitutional requirement. The pledge of the faith and credit of the state, or of one of its political divisions, for the payment of the property owner, accompanied with practical and available provisions for securing the application of the public faith and credit to the discharge to the constitutional obligation of payment, has been held to be a certain and sufficient remedy within the law. But a remedy for compensation, contingent upon the realization of a fund from taxation for benefits within a' limited assessment district, does not meet the constitutional requirement. The inadequacy of such a provision finds in the circumstances of this case ample illustration. See Chapman v. Gates, 54 N. Y. 146." See, also, Matter of Petition of United States, 96 N. Y. 227.

In the statute under consideration, however, we have been unable to discover any provision relating to the compensation of persons situated as the relator is here, or under which he might clearly proceed for the purpose of obtaining the value of the property taken from him; and our attention is called to no such enactment. The case is therefore clearly within the doctrine that private property may not be taken for public purposes by reason of legislative enactment, unless an adequate and certain remedy is provided therein whereby the owner may compel the payment of his damages. Chapman v. Gates, 54 N. Y. 132, 146; Lyon v. Jerome, 26 Wend. 485, 37 Am. Dec. 271; Rexford v. Knight, 11 N. Y. 308. The conclusion is therefore plain that the appellant might not revoke or refuse permits on the sole ground that the parties to be benefited attempted a full and complete lawful use of their property on the Eastern Parkway Extension.

The order should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur; BARTLETT and JENKS, JJ., in result.