In the Matter of the Application of the HECHT-DANN CONSTRUCTION COMPANY, INC., for a Peremptory Mandamus Order against JOHN BURDEN, as Inspector of Buildings of the City of Mt. Vernon, Respondent.

Supreme Court, Westchester County, November 24, 1924.

Municipal corporations — zoning ordinance — application for peremptory mandamus order compelling approval of permit for erection of building situated in two zones — zoning ordinance, which arbitrarily establishes line making it virtually impossible to erect house on greater portion of lot and requires twenty-five-foot " set-back " from all property lines is unreasonable and void — ordinance does not comply with General City Law, § 20, subd. 25.

A zoning ordinance, which arbitrarily establishes a zoning line traversing, at an angle, two lots, so that a portion of one lot is in the " business " zone while the remainder of the lot is in the " residence B " zone, and further provides for a twenty-five-foot " set-back " from all property lines, is not a " well-considered plan," and does not give reasonable consideration to " the conservation of property values," within the meaning of the statute (General City Law, § 20, subd. 5) authorizing the adoption of zoning ordinances, and in so far as the ordinance affects the said property it is unreasonable and void, where it is conceded that a proposed building complies in all respects with the building code of the municipality, but in view of said ordinance it is practically impossible to erect a building on the premises with a " set-back " of twenty-five feet.

APPLICATION for a peremptory mandamus order.

*J. Henry Esser,* for the petitioner.

*Hugh M. Hewson,* for the City of Mt. Vernon, respondent.

YOUNG, J.:

This is an application for a peremptory order of mandamus to compel the respondent building inspector to approve a set of plans and to issue a building permit thereon. The permit is refused solely upon the ground that the proposed building violates the provisions of the zoning ordinance of the city of Mt. Vernon, in so far as a portion of the building is to be in the zone known as " residence B " zone, and the plans do not provide for a set-back of twenty-five feet from all property lines.

The property of the petitioners on which it is proposed to erect the building in question is situated in two zones. That portion fronting on Lincoln avenue for a depth of 100 feet is in the " business " zone, the remainder of the lot is in the " residence B " zone. The dividing line between the two zones traverses the property diagonally. It is conceded that the proposed building does not violate the ordinance in so far as it is to be erected in the " business " zone; that is, under the ordinance in question, the petitioner could erect the proposed building on the property in question facing Lincoln avenue, and to a depth of 100 feet.

The statute (Gen. City Law, § 20, subd. 25, as added by Laws of 1917, chap. 483) which authorizes the adoption of zoning ordinances provides that such ordinances shall be " in accord with a well-considered plan." It provides, also, that the ordinance shall give reasonable consideration to " the conservation of property values." While the customary argument relating to the conservation of property values refers generally to the conservation of the value of property which adjoins a property subject to restrictions under the ordinance, I think the proper interpretation of the statute makes " conservation of property values " apply to all property, including the property which is made the subject of restrictions.

With that thought in mind I can hardly say that the establishment of a zoning line arbitrarily 100 feet from West Lincoln avenue, which zoning line traverses at an angle the two lots owned by the petitioner, is a " well-considered plan," for the zoning line, which leaves the greater part of lot 1019 in a residential district, makes it practically impossible to erect a residence thereon, and certainly the building of such residence with a set-back of 25 feet from each side line is absolutely impossible. I hold, therefore, that the zoning ordinance, so far as it affects petitioner's property, is legally unreasonable, in that it is not a " well-considered plan."

I think, also, that the common council went beyond its powers

in adopting an ordinance which provides for a twenty-five-foot set-back from all lines. It is conceded that the proposed building complies in all respects as to area of courtyards and other provisions of the Building Code. It violates only the set-back provisions of the zoning ordinance. In *City of Buffalo* v. *Kellner* (90 Misc. 407), WHEELER, J., says: " Ordinarily private owners of real property have the right to use their property for any and all legitimate purposes, and place buildings on them where they please. If the use of such property is to be restricted or limited by law, such governmental control must be confined to such reasonable enactments as are designed to conserve health, safety, morals, peace and order."

Likewise Judge Dillon in his work on Municipal Corporations (5th ed. § 695) says: " Several cases have laid down the rule that, by virtue of the police power merely, neither the Legislature nor the city council exercising delegated power to legislate by ordinance, can impose restrictions upon the use of private property which are induced solely by æsthetic considerations, and have no other relation to the health, safety, convenience, comfort, or welfare of the city and its inhabitants. * * *. Thus the Legislature cannot, for the purpose of promoting the beauty of parkways or boulevards, authorize a city to establish by ordinance a building line within the limits of private property, to which all buildings must conform, without complying with the constitutional requirements as to making compensation for property taken." (See, also, *People ex rel. Lankton* v. *Roberts*, 90 Misc. 439; *People ex rel. Dilzer* v. *Calder*, 89 App. Div. 503.)

For the reasons above assigned, the application for peremptory order of mandamus is granted.