In the Matter of the Petition of DOROTHY HUTCHINS to Render and Settle Her Account as Administratrix of EDWARD HUTCHINS, Deceased. DOROTHY HUTCHINS, as Administratrix-Accountant, etc., of EDWARD HUTCHINS, Deceased, Appellant: GEORGE A. HUTCHINS, Respondent.— Order of the Surrogate's Court of Kings county granting motion for examination of administratrix affirmed, with ten dollars costs and disbursements, payable by appellant personally. Examination to proceed on five days' notice. No opinion. Lazansky, P. J., Young, Carswell, Tompkins and Davis, JJ., concur.

In the Matter of the Application of NICHOLAS L. LEONE, Appellant, for a Mandamus Order against HARRY J. BREWER and Others, Constituting the Building Commission of the Town of Mamaroneck, Respondent.†— Order denying motion for a peremptory mandamus order affirmed on the law and the facts, with costs. The record discloses that the statute makes available to the petitioner a means by which he may have a variance. If the powers thus vested by statute be reasonably exercised, the petitioner will be enabled to construct a one-family dwelling that will accord to him substantially the same degree of beneficial user of the property as that sought by him under the plans which were rejected by the building commission. If upon seeking such a reasonable variance the officials empowered to act should arbitrarily refuse such relief, he may enforce, by appropriate proceedings in certiorari, his right to such a reasonable variance. Such a course will avoid nullifying the general purpose of the zoning regulation to have a thirty-foot setback, especially on the main streets, and, where necessary, to encroach upon that requirement and thus limit the modification to a side street and at the same time enforce the six-foot side yard provision. The then non-existence of the board of appeals merely excused petitioner from applying to it. He could still apply to the town board and review, if necessary, arbitrary conduct of that body, the only one then in existence authorized to consent to a variance. Lazansky, P. J. Kapper, Hagarty and Carswell, JJ., concur; Young, J., dissents upon the following ground: The application to the town board was an idle gesture. That board could not grant relief; only the joint boards could do so. The town authorities had failed to provide a court [board] of appeals, and the appellant was within his rights in bringing the present proceeding.