In the Matter of Florence R. Richards, Respondent, against Zoning Board of Appeals of Village of Malverne et al., Appellants.

Second Department, January 10, 1955.

*John A. Morhouse* for appellants.

*Eugene L. Flanagan, Jr.,* for respondent.

MURPHY, J.  The question is whether a variance is required where setback restrictions limit construction of a dwelling to a width of eleven feet.

Respondent is the owner of a corner lot with a frontage of forty feet on King Street and one hundred feet on Atlas Avenue, in the village of Malverne, Nassau County.  Under section 505 of the village zoning ordinance, a twenty-five foot setback is applicable from each street, but the setback may be decreased on one side when authorized as a special exception by the board of appeals.

It is conceded that respondent, in order to conform to the foregoing setbacks and one of four feet from a side line, is left with a width of but eleven feet for a dwelling.  These setbacks reduce the usable portion of this four thousand square foot lot to approximately one fifth thereof.  Respondent's application for a variance so as to construct a dwelling with a width of twenty-one feet, by reducing the setback from the avenue to

fifteen feet, was denied (cf. *Matter of Leone* v. *Brewer*, 235 App. Div. 684, affd. 259 N. Y. 386).

In this proceeding pursuant to article 78 of the Civil Practice Act this determination was annulled and the appellants were directed to grant " a reasonable variance ". The board appeals, but the property owner does not appeal from so much of the order as fails to direct appellants to grant her application.

No cognizance will be taken of the assertion of appellants in their brief that the property may be devoted to uses other than residence. Appellants have admitted, by failure to deny, that this lot is in a designated " Residence District ". The learned Special Term stated that the property was in a residence zone, apparently limited to one-family homes. There is nothing to the contrary in the record.

The factors which warrant imposition of setbacks, e.g., attractiveness, light and air, and reduction of fire hazard, cannot be invoked to confiscate this substantial corner plot, which is the virtual effect of the restrictions. (Cf. *Matter of Hecht-Dann Constr. Co.* v. *Burden*, 124 Misc. 632.) The contentions of appellants are insufficient. Homes on the avenue with front yards of twenty-five feet or more, by reason of their location, are not subject to two such setbacks. Again, if setbacks of twenty-five feet on the street and fifteen feet on the avenue are insufficient to enable highway traffic to proceed with safety at this corner, the remedy is by way of condemnation rather than by further shunting of the burden of public use onto this private property.

In a prior proceeding, respondent unsuccessfully attacked the ordinance itself as unconstitutional in imposing restrictions after she had purchased the property. The claim of appellants that this prior determination is *res judicata* is without merit as to the present application for a variance. (*Arverne Bay Constr. Co.* v. *Thatcher*, 278 N. Y. 222.)

The order should be affirmed, with $10 costs and disbursements.

Present — NOLAN, P. J., WENZEL, MACCRATE, BELDOCK and MURPHY, JJ.

Order unanimously affirmed, with $10 costs and disbursements.