Joseph Liff, J.
In this proceeding pursuant to article 78 of the CPLR the petitioner prays for a judgment annulling a determination of the respondents filed March 1, 1967, and directing the issuance of the permit requested; viz., permission to erect on the petitioner’s property (vacant land) a church and parochial school.
In its decision the Board of Appeals based its denial of the special exception permit sought under subdivision 15 of section 1002 of the Building Zone Ordinance, on the finding that the school contemplated by the applicant (petitioner herein) on its 12-acre plot was in fact a nonprofit private school for which a plot area of 50 acres is required by subdivision 10 of section 401 of the zoning ordinance. No other evidence given at the public hearing was considered and no findings were made concerning those matters enumerated in the paragraphs following subdivision 24 of section 1002. The answer in this proceeding also pleads as the sole defense the same ground stated in the decision. The board, in its decision of March 1, 1967, said: “ The subject property is situated partly in a B Residence District and partly in a BB Residence District.' Both districts, however, are governed by the same language with respect to private schools such as planned by the applicant here. That language is contained in Section 401, Subdivision 10, which authorizes a non-profit private school when authorized as a special exception by the Board of Appeals in accordance with Section 1002 of the Ordinance provided, ‘ that the area of the lot shall be not less than fif ty (50) acres. ’ The applicant here has only twelve (12) acres on which it seeks to place not only a private school requiring fifty (50) acres but also a church. The application has been *269 made under Section 1002 as a matter of right. 'Since the applicant does not have the required fifty (50) acres for the private school, this Board has not power to grant the application. That being so, the Board reaches none of the other questions advanced by the application and by the opponents.”
However, examination of the ordinance satisfies the court that the conclusion of the board is erroneous. Subdivision 10 of section 401 does provide in substance that a “ non-profit private school giving regular instruction at least five (5) days a week for seven months or more in each year ” shall be on a lot of “ not less than fifty (50) acres ” if located in a “ BB ” Residence District, but subdivision 15 of section 1002 provides for the issuance of a special exception permit in any district for “ churches or similar places of worship, parish houses, parochial schools, non-profit colleges and non-profit private schools giving-regular instruction at least five (5) days a week for seven (7) months or more in each year and having a curriculum approved by the Board of Regents or the New York State Education Department.”
There is no definition in the ordinance of a “ parochial school ” nor any standards specified whereby the board could make a determination contrary to the commonly accepted definition or understanding of what is a “parochial school”. The board’s contention that a school which gives instruction five days a week in subjects taught in the public schools, in addition to instruction in religion, is not the parochial school authorized by the ordinance is disapproved. The ordinance provision in subdivision 15 of section 1002 pertaining to “ regular instruction at least five (5) days a week” applies to all of the schools specified; namely, “parochial schools, non-profit colleges and non-profit private schools ”. The petitioner has quoted many dictionary definitions in its memorandum of law to support its position. In addition, the court believes the following statement from “ The World Book Encyclopedia ” (vol. 13, 1950 ed.), deserves quoting: “ Parochial school is the name used for a school conducted and supervised by a religious group, usually Roman Catholic. Parochial schools are grammar schools but there are many high schools and a number of colleges and universities conducted by religious groups. * * * Parochial schools also are conducted by the Seventh-Day Adventists.” In “ The Law of Zoning and Planning ” by Rathkopf (3d ed., vol. 1, p. 18-7) it is stated: “ A parochial school is commonly considered to be a school conducted by a non-profit religious body, of whatever faith. ” Following that statement, Rathkopf quotes from Yanow v. Seven Oaks Park (11 N. J. 341). Part of that quotation is, *270 “ ‘ Parochial schools, as the term is used in this ordinance, connote private schools, at which schools (in addition to religious instruction) students are given courses of study sufficient to qualify attendance thereat as compliance with compulsory education requirements. ’ ’ ’
The board also contends that whether or not the petitioner’s proposed school is a parochial school, it is also a private school and must comply with the 50-acre requirement. It is unnecessary to consider the reasonableness of the 50-acre requirement pertaining to private schools for under the ordinance parochial schools are distinguished from private schools. There is no specific requirement by the ordinance as to the area necessary for the location of a church or a parochial school.
The board’s conclusion that the school planned by the petitioner is governed by the provisions of subdivision 10 of section 401 so as to require it to have 50 acres, is not supported by a reading of the ordinance. That section applies to a nonprofit college or nonprofit school giving regular instruction five days a week, seven months a year. However, when we turn to subdivision 15 of section 1002 provides for a special exception in certain cases including “parochial schools, non-profit colleges and non-profit private schools giving regular instruction at least five (5) days a week for seven (7) months or more in each year ”. While nonprofit colleges and nonprofit private schools must meet the requirements of both subdivision 10 of section 401 and subdivision 15 of section 1002, parochial schools need only comply with the latter. In support of that proposition, section 1123 makes its requirements applicable to parochial schools, nonprofit colleges and nonprofit private schools. Thus, where the legislators intended a restriction to apply to a parochial school they said so.
A zoning ordinance must be strictly construed in favor of the owner and though the interpretation of the board should not be disregarded, it may find favor only where there is a reasonable basis for that meaning in the ordinance under consideration. (City of Buffalo v. Roadway Tr. Co., 303 N. Y. 453; Matter of Leathersich v. Wade, 20 A D 2d 963.)
For the foregoing reasons we agree with the petitioner’s contention that the 50-acre requirement of subdivision 10 of section 401 does not apply to a church and parochial school.
Accordingly, judgment is granted in favor of the petitioner to the extent of annulling the decision filed March 1, 1967. The matter is remitted to the respondents to render a new decision, within 30 days after the service of a copy of the judgment, on all of the other issues or questions involved.