Joseph Life, J.
This is the second proceeding pursuant to article 78 of the CPLR arising from the denial by the respondents of petitioner’s application for leave to erect a church and school on its property located on the northerly side of Jericho Turnpike and the easterly side of Hicks Lane (a private road). By decision dated June 21, 1967 and interlocutory judgment granted July 6, 1967, this court annulled the first determination of the respondents — denying the petitioner’s application for the reason that the property did not comply with the area *728 requirements of the Building Zone Ordinance — and the court remitted the matter to the respondents for a determination of all other issues (54 Mise 2d 268).
The decision of the respondents involved in this proceeding is dated July 10, 1967. It is 11 pages in length. Examination of the decision reveals (as clarified by the respondents’ memorandum of law) that their denial is based on the inability to find as a fact: (1) that the proposed use of the property would not create a safety hazard; (2) that the proposed use of the property or the proposed buildings would not be detrimental to the neighborhood ; (3) that the essential character of the neighborhood would not be altered. These are findings (cast- in a negative style) which according to the second unnumbered paragraph following subdivision 24 of section 1002 of article X of the Building Zone Ordinance, must be made before a permit is issued by the respondents. Also, before issuing a permit, the ordinance provides, in the third unnumbered paragraph following subdivision 24, that the respondents must find that the proposed use or building was not “ feasible or practical in a less restricted district. ’ ’ The respondents held that they were unable to make that finding. An inspection of the building zone map suggests that very little of the village is in the less restricted district and that those portions which are, are not likely to yield a parcel of land of the necessary dimensions. With respect to a “ consideration ” of the traffic problems referred to in the fourth unnumbered paragraph following subdivision 24, the respondents found that “ a serious safety hazard would be created ”, as noted.
After reading the minutes of the public hearing and examining the exhibits of the return, the court concludes that there was no reasonable basis for a denial of the permit requested,
The subject property is in Residence Districts B and BB, although the larger portion is in the latter district. It is about 12 acres in area, with a frontage on the north side of Jericho Turnpike of 250 feet, a depth along the easterly side of Hicks Lane of approximately 1,300 feet and a rear line (not quite parallel to Jericho Turnpike line) of 526.59 feet. The petitioner has a congregation of about 200 to 250 families within a 10-mile radius of the property and at present has about 50 children in a temporary school in New Hyde Park. It proposes to build a school to accommodate 300 pupils with an auditorium for 600 people and a parking area for 300 automobiles. That is the immediate building project. It is projected that in approximately five years a church accommodating 1,000 persons will be erected. The property is bordered on the south by Jericho *729 Turnpike (a major east-west highway); on the east by Westbury Gardens with many trees along the boundary line; on the north by a large estate; on the west by Hicks Lane. Hicks Lane is a 40-foot-wide right of way, running north and south, with a narrow paved portion permitting passage of two automobiles, one in each direction. Alternative plans were submitted to respondents whereby ingress and egress were shown to Hicks Lane and directly to Jericho Turnpike.
Considerable testimony or rather speculation was voiced at the hearing concerning accidents in which some of the congregation might be involved on Jericho Turnpike when they desired to travel eastward on the Turnpike and had to cross the lanes for westbound traffic. Based on that speculative testimony it was concluded that the finding could not be made that a safety hazard would not be created. The ordinance however requires the respondents to find ‘ ‘ that the proposed use of the property or the erection, alteration or maintenance of the proposed buildings * # * (a) will not create a hazard to * * * safety” (§ 1002, second par. following subd. 24). Under that provision the respondents are not concerned with traffic hazards on the public streets. On a similar application for a special exception permit, Mr. Justice Farley held that when a Board of Appeals was required by the ordinance to determine that “ the use of the premises — -will not imperil the safety of persons ’ ’ that provision pertained solely to the “use of the premises ”, not to what occurs on the adjoining streets (Matter of Chrysler Motors Corp. v. Williams, N. Y. L. J., Feb. 27, 1967, p. 21, col. 5). It is true that under the provision contained in the fourth unnumbered paragraph following subdivision 24, the respondents are required to give consideration to traffic problems, but the respondents are not required to find that no 1 ‘ traffic problem ’ ’ will arise, as the basis for issuing a permit. The daily count of traffic on Jericho Turnpike in this area .exceeds 17,000 vehicles; the road is a divided highway and when completed will have three traffic lanes in each direction. To find that a traffic problem would arise from automobiles emerging from the subject property onto Jericho Turnpike is to hold that one would be created on any street in the village by cars emerging from any parking area or driveway.
As to the detrimental effect of the proposed use on the neighborhood, and the change in the essential character of the neighborhood, not only is the proof insufficient to warrant those inferences, but as stated in Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton (1 N Y 2d 508, 524): “ This ground will apply with equal force to any residential zone * * * in view of the high purposes, and the moral value, of *730 these institutions [churches and schools], mere pecuniary loss to a few persons should not bar their erection and use.” And on page 525: “ Decreased enjoyment of neighboring property: Noise and other inconveniences have been held to be insufficient grounds upon which to deny a permit to a church (State ex rel. Synod of Ohio v. Joseph, 139 Ohio St. 229 * * *) or a parochial school (Archbishop of Oregon v. Baker, 140 Ore. 600 # * #^7 7
As to the proposed use being established in some less restricted district, there is no proof that the proposed use would be permitted in a less restricted district. Moreover, as the petitioner was required to purchase the property before it could apply to the respondents for a permit, the only manner in which a religious body could protect itself would be to buy in the least restricted district. In this area, within a short distance from the subject property, there is a Lutheran church and parochial school; also a synagogue and school. The zoning ordinance expressly authorizes public primary and secondary school. Again, as stated in the Diocese of Rochester case (supra, p. 522): “ An ordinance will also be stricken if it attempts to exclude private or parochial schools from any residential area where public schools are permitted”.
Accordingly, it is held that the respondents were arbitrary and unreasonable in denying approval of the proposed use and construction. The petitioner’s offer to provide direct access from the property to Jericho Turnpike and to eliminate any entrances to the property from Hicks Lane should be approved.
Settle judgment on notice. The respondents have moved to resettle the interlocutory judgment of July 6, 1967. That motion is denied. However, the proposed judgment should contain a recital of all of the papers which were submitted and considered on this decision and in the court’s decision of June 21, 1967 which resulted in the interlocutory judgment of July 6, 1967.