Mario Pittoni, J.
Plaintiff seeks a judgment declaring the defendants ’ Building Zone Ordinance of 1926, as amended, arbitrary, capricious, unreasonable and unconstitutional insofar as it prevents plaintiff from using its premises for a religious or parochial school for the religious and secular training of children of Jewish faith, barring defendants from interfering with plaintiff’s use of its premises as previously stated, and for other auxiliary relief.
Plaintiff, a religious corporation owning the buildings on a 15%-acre plot in a “ BB ” Residence zone, received a building permit in 1958 for a synagogue, religious sanctuary, nine classrooms, library, meeting rooms, administrative offices, and a parking area. In 1960, plaintiff’s buildings were completed in conformance with the permit and plaintiff received a certificate of occupancy for temple use. Plaintiff thereafter used the nine classrooms on the premises for a part-time nonprofit religious school.
Some time in August, 1967, plaintiff notified defendants that it would use the classrooms for secular subjects as well as religious, so that it now became, in effect, a parochial school.
*388 Defendants claim that, to conduct a parochial school or to use the nine classrooms for secular subjects, plaintiff must conform with section 400-10 of the zoning ordinance which requires at least 50 acres for nonpublic and parochial schools, or plaintiff must apply to defendants’ Board of Appeals for a use permit.
Plaintiff contends that the parochial school use for the teaching of additional secular subjects is an integral part of the functions and activities of synagogue use and is accessory thereto. This point makes sense and is supported by authorities (Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton, 1 N Y 2d 508; Brandeis School v. Village of Lawrence, 18 Misc 2d 550).
Be that as it may, there is no change in the physical structure of the plant as originally approved and the only 1967 change is the added teaching of secular subjects as well as religious, for which the ordinance, in effect, says you must add 34% acres to conform to the -50-acre requirement. This is unreasonable.
Another and stronger point is that the ordinance, in requiring 50 acres for parochial schools and not for public schools, unconstitutionally discriminates against parochial schools (Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton, 1 N Y 2d 508; Brandeis School v. Village of Lawrence, 18 Misc 2d 550, supra). Added to this, the very ordinance (§§ 401-10, 1002-15) which requires a 50-acre plot for such a school has already been held arbitrary, unreasonable and unenforceable (Matter of Greater N. Y. Seventh Day Adventists v. Miller, 54 Misc 2d 268; 56 Misc 2d 727, affd. 31 A D 2d 719, app. dsmd. 23 N Y 2d 1020). Thus, the 50-acre requirement for parochial schools is invalid.
Defendants’ contention that this parochial school is maintained and operated by an independent outside body is meaningless, if this is a parochial school. It makes no difference whether it is controlled by plaintiff itself or by the parent -body, the United Synagogue (Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton, 1 N Y 2d 508, supra). Anyway, testimony at the trial established otherwise. Uncontested testimony established that plaintiff is an affiliate of the United Synagogue and the United Synagogue merely supervises the administration of plaintiff’s school.
Defendants’ argument that plaintiff should have applied to the Board of Appeals for a use permit (1) in order to conduct a parochial school on less than 50 acres required by the ordinance, and (2) in order to exhaust its administrative remedies if the use were denied before it could bring this action, also collapsed. A reading of the ordinance shows that defendants’1 Board of Appeals has no power under the ordinance to grant such use on *389 less than 50- acres. The ordinance (§§ 401-10, 1002-15) states that a nonprofit private school may be permitted when authorized by the Board of Appeals upon compliance with certain standards ‘ ‘ provided that the acreage of the lot shall not be less than fifty (50) acres ” (§ 401-10).
Defendants’ further argument that plaintiff should have requested permission of defendants’ Board of Appeals for the use of plaintiff’s previously erected nine classrooms for the teaching of secular subjects, in addition to the permitted religious subjects, is also invalid. The Board of Appeals may have some control over additional or different construction of the buildings, but here the entire plant, including the nine classrooms involved, is the same as when first approved in 1958. Neither defendants nor defendants’ Board of Appeals can pass upon or control the contents of the curriculum nor the use of the premises for parochial school use. Such an application to defendants’ Board of Appeals would have been legally meaningless.
Other arguments offered by the parties have been considered. It is not necessary to discuss their validity, for I have given sufficient reasons for my decision.
Plaintiff is entitled to and is granted judgment as requested in paragraphs “1,” “2” and “3 ” of the complaint. The proposed judgments shall be couched in concise nonrepetitious language. Otherwise, any proposed judgments will be returned. The counterclaim is dismissed.